UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JACOB T. EBERHART,                                          No. 16-cv-8546
                              Plaintiff,

        - against -                                         **COMPLAINT**

AMAZON.COM, INC.,
                              Defendant.                    **JURY TRIAL DEMANDED**

-------------------------------------------------------------------X

## <u>JURISDICTION</u>

1.      The United States District Court has jurisdiction over this matter based upon

diversity of citizenship, pursuant to 28 U.S.C. § 1332, as this matter is a dispute between the

plaintiff, a citizen of New York, and defendant, a citizen of Washington (corporate headquarters)

and Delaware (state of incorporation), and the amount in controversy exceeds seventy-five

thousand ($75,000.00) dollars, exclusive of interest and costs.

## <u>PARTIES</u>

2.      Plaintiff is Jacob T. Eberhart, residing at 240 E. 47th Street, Apt. 12E, New York,

New York 10017.

3.      At all material times, plaintiff, Jacob T. Eberhart, was an innocent bystander.

4.      At all material times, plaintiff, Jacob T. Eberhart, was a foreseeable user of the

product identified hereinafter.

5.      Defendant is Amazon.com, Inc., doing business at 410 Terry Ave. North, Seattle,

Washington, 98109-5210, and incorporated in the state of Delaware.

6.     At all material times, defendant, Amazon.com, Inc., was acting by and through its agents, employees, and servants, who were acting in the scope and course of agency, employment and servitude.

7.     At all material times, defendant, Amazon.com, Inc., was a seller of products to the public.

## FACTS AS TO PRODUCT PURCHASE AND INJURY CAUSED BY PRODUCT

8.     Homearts Industrial Co., Ltd., a manufacturer doing business in China, manufactured a certain French press coffee maker with heat resistant glass.

9.     At all material times, the manufacturer, Homearts Industrial Co., Ltd., expressly warranted that the coffee maker was made with and/or contained thick heat resistant glass.

10.     Homearts Industrial Co., Ltd., sold the coffee maker to Vida Entertainment US, a Danish business that sold it to defendant, Amazon.com, Inc.

11.     Defendant, Amazon.com, Inc., offered the coffee maker for sale to the public, identifying it as the "Coffeeget 6 cup 27 oz. French Press Coffee Maker with thick heat resistant glass".

12.     At all material times, defendant, Amazon.com, Inc., expressly warranted that the coffee maker was made with and/or contained thick heat resistant glass.

13.     On or about May 25, 2015, Lynette Bosco, plaintiff's, Jacob T. Eberhart's, mother, purchased said French press coffee maker from defendant, Amazon.com, Inc., paying $16.79 for it, as confirmed by the purchase order.

14.     On or about May 26, 2015, defendant, Amazon.com, Inc., shipped said French press coffee maker to Lynette Bosco, as corroborated by the delivery confirmation.

15.     Later, Lynette Bosco gave the French press coffee maker to her son, plaintiff, Jacob Eberhart.

16.     On or about August 20, 2015, when he was at home, plaintiff, Jacob T. Eberhart, was cleaning said French press coffee maker, which had not been altered since purchase, and which was an intended or reasonably foreseeable use of said product.

17.     In particular, plaintiff, Jacob Eberhart, was cleaning the coffee pot portion of the coffee maker, which was composed of glass.

18.     Plaintiff, Jacob T. Eberhart, was at his kitchen sink cleaning the glass bottom of the coffee pot, when the glass bottom of the pot instantly disintegrated into shards of glass.

19.     Plaintiff, Jacob T. Eberhart, had been holding the coffee pot with the handle in his left hand, while cleaning the glass with his right hand.

20.     Immediately, Plaintiff, Jacob T. Eberhart, was lacerated, with his blood gushing everywhere, as a direct result of the French press coffee pot shattering and breaking into fragments of sharp glass.

21.     Plaintiff, Jacob Mr. Eberhart, was shocked by the severe cut to his thumb and called for help.

22.     With the help of his father and brother, Plaintiff, Jacob T. Eberhart, was transported to Lenox Hill Hospital, for emergency medical treatment.

23.     Accordingly, Amazon.com, Inc., a seller of products, sold the "Coffeeget 6 cup 27 oz. French Press Coffee Maker with thick heat resistant glass" to buyer, Lynette Bosco, who gave it to her son, plaintiff, Jacob Jacob T. Eberhart, an innocent third-party bystander and foreseeable user of said product.

## COUNT I: PRODUCTS LIABILITY

24.     Plaintiff, Jacob T. Eberhart, incorporates herein by reference the preceding paragraphs of his complaint, as if set forth at length.

25.     At all material times and places, the manufacturer, Homearts Industrial Co., Ltd., was a manufacturer of products and manufactured a defective and unsafe or not reasonably safe product, the "Coffeeget 6 cup 27 oz. French Press Coffee Maker with thick heat resistant glass". Furthermore, at all material times and places, Homearts Industrial Co., Ltd., was a manufacturer which had duties to purchasers, bystanders, and users or foreseeable users of products that it manufactured, including duties of design, manufacturing, and warning under the products liability, negligence, warranty and fraud laws of the United States of America and its states.

26.     The manufacturer's product was defective and unsafe or not reasonably safe for reasons, including, *inter alia*, the following:

a.      failing to manufacture the coffee maker with thick, heat resistant glass and/or violating an express warranty;

b.      manufacturing a coffee maker that malfunctioned;

c.      manufacturing the coffee maker with defective materials;

d.      manufacturing the coffee maker according to unsafe or not reasonably safe standards and specifications, or no safety standards and specifications;

e.      manufacturing the coffee maker by unsafe or not reasonably safe methods;

f.      failing to warn the purchaser or plaintiff as to cleaning methods, and/or that the glass portion of the coffee maker was likely to instantly break,

and/or that cleaning the coffee maker was dangerous or had risks and hazards, which the manufacturer knew or should have known;

g.      failing to test the coffee maker;

h.      failing to perform quality control;

i.      as will be revealed in discovery.

27.      Had purchaser, Lynette Bosco, and/or plaintiff, Jacob Eberhart, been warned of cleaning methods, and/or that the glass portion of the coffee maker was likely to instantly break, and/or that cleaning the coffee maker was dangerous or had risks and hazards, the warnings would have been heeded and the coffee maker would not have been purchased by her, or in the alternative, the coffee maker would have been cleaned differently by plaintiff, Jacob T. Eberhart, and not caused the injuries to plaintiff, Jacob T. Eberhart.

28.      As a direct result of the defective and unsafe or not reasonably safe coffee maker manufactured by the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was caused to sustain personal injuries, including, but not limited to, a 2 cm laceration (complicated) with digital nerve injury, and shock to the central nervous systems.

29.      As a direct result of the defective and unsafe or not reasonably safe coffee maker manufactured by the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was caused to have medical treatment and incur medical expenses.

30.      As a direct result of the defective and unsafe or not reasonably safe coffee maker manufactured by the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was inconvenienced, disabled, and prevented from performing personal, school, household and other duties.

31.     As a direct result of the defective and unsafe or not reasonably safe coffee maker manufactured by the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was caused to have loss of feeling, weakness of the thumb, inability to grip, pain, suffering, anxiety, and trauma, now and into the future.

32.     As a direct result of the defective and unsafe or not reasonably safe coffee maker manufactured by the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was caused to be unable to do activities and things after the incident that he could do before, including personal tasks and recreational acts, and was otherwise deprived of the enjoyment of life

33.     As a direct result of the defective and unsafe or not reasonably safe coffee maker manufactured by the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was caused to be disabled and absent from school, and to be unable to perform the duties and functions of his occupation as a student.

34.     The injuries and damages of plaintiff, Jacob T. Eberhart, are or may be permanent.

35.     Therefore, under the laws of the state of New York, defendant, Amazon.com, Inc., is liable for selling a defective and unsafe or not reasonably safe product that caused damages to plaintiff, an innocent bystander and foreseeable user.

36.     Furthermore, in pertinent part, the relevant laws of the state of Washington provide that a product seller, other than a manufacturer, shall have the liability of a manufacturer to the claimant if:

a.      No solvent manufacturer who would be liable to the claimant is subject to

service of process under the laws of the claimant's domicile or the state of

Washington; or

b.      The court determines that it is highly probable that the claimant would be

unable to enforce a judgment against any manufacturer; or

c.      The product seller is a controlled subsidiary of a manufacturer, or the

manufacturer is a controlled subsidiary of the product seller; or

d.      The product seller provided the plans or specifications for the manufacture

or preparation of the product and such plans or specifications were a

proximate cause of the defect in the product; or

e.      The product was marketed under a trade name or brand name of the

product seller.

37.     The manufacturer who would be liable to the plaintiff is not subject to service of

process under the laws of the claimant's domicile or the state of Washington because the

manufacturer, Homearts Industrial Co., Ltd., is based in China, a communist, totalitarian regime

that has chronically violated international law and whose manufacturers have escaped

responsibility for numerous mass torts in the United State of America; furthermore, the

manufacturer has failed to respond to numerous requests for information from defendant,

Amazon.com, Inc. and/or its agents, regarding this claim, and it is believed that said

manufacturer is or may be solvent and would or may avoid service of process and/or be shielded

from process by the communist, totalitarian regime of China. Additionally, while China has

7

signed the Hague convention, for all practical intents and purposes serving a business in China is impossible.

38.     The court will or may determine that it is highly probable that the plaintiff would be unable to enforce a judgment against the manufacturer because the manufacturer, Homearts Industrial Co., Ltd., has failed to respond to numerous requests for information from Amazon.com, Inc. and/or its agents, regarding this claim.

39.     Therefore, under the laws of the state of Washington, defendant, Amazon.com, Inc., is vicariously liable for selling a defective and unsafe or not reasonably safe product, for which the manufacturer is liable under a products liability cause of action, and that caused damages to plaintiff.

WHEREFORE, plaintiff, Jacob T. Eberhart, demands that judgment be entered in his favor and against defendant, and that special damages and general damages in the amount of $2,000,000.00, plus costs and interest be awarded.

## COUNT II: NEGLIGENCE

40.     Plaintiff, Jacob T. Eberhart, incorporates herein by reference the preceding paragraphs of his complaint, as if set forth at length.

41.     The conduct, acts, and omissions of defendant, Amazon.com, Inc., at all material times, were negligent.

42.     The recklessness, carelessness and negligence of defendant, Amazon.com, Inc., consisted of, *inter alia*, the following:

      a.     negligently, carelessly and recklessly packaging the coffee maker;

      b.     negligently, carelessly and recklessly shipping the coffee maker;

c.     failing to warn the purchaser or plaintiff as to cleaning methods, and/or that the glass portion of the coffee maker was likely to instantly break, and/or that cleaning the coffee maker was dangerous or had risks and hazards, which the defendant knew or should have known;

d.     failing to act carefully and prudently at all material dates, times, and places;

e.     as will be revealed in discovery;

f.     *res ipsa loquitor* is affirmatively pleaded.

43.     Had purchaser, Lynette Bosco, and/or plaintiff, Jacob Eberhart, been warned of cleaning methods, and/or that the glass portion of the coffee maker was likely to instantly break, and/or that cleaning the coffee maker was dangerous or had risks and hazards, the warnings would have been heeded and the coffee maker would not have been purchased by her, or in the alternative, the coffee maker would have been cleaned differently by plaintiff, Jacob T. Eberhart, and not caused the injuries to plaintiff, Jacob T. Eberhart.

44.     As a direct result of the carelessness, recklessness and negligence of the defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was caused to sustain personal injuries, including, but not limited to, a 2 cm laceration (complicated) with digital nerve injury, and shock to the central nervous systems.

45.     As a direct result of the carelessness, recklessness and negligence of the defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was caused to have medical treatment and incur medical expenses.

46.     As a direct result of the carelessness, recklessness and negligence of the defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was inconvenienced, disabled, and prevented from performing personal, school, household and other duties.

47.     As a direct result of the carelessness, recklessness and negligence of the defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was caused to have loss of feeling, weakness of the thumb, inability to grip, pain, suffering, anxiety, and trauma, now and into the future.

48.     As a direct result of the carelessness, recklessness and negligence of the defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was caused to be unable to do activities and things after the incident that he could do before, including personal tasks and recreational acts, and was otherwise deprived of the enjoyment of life

49.     As a direct result of the carelessness, recklessness and negligence of the defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was caused to be disabled and absent from school, and to be unable to perform the duties and functions of his occupation as a student.

50.     The injuries and damages of plaintiff, Jacob T. Eberhart, are or may be permanent.

51.     Therefore, under the laws of the state of New York, defendant, Amazon.com, Inc., is liable for negligently failing to warn and/or negligently selling, packaging and shipping a defective and unsafe or not reasonably safe product that caused damages to plaintiff, an innocent. bystander and foreseeable user.

52.     Furthermore, in pertinent part, the relevant laws of the state of Washington provide that a product seller, other than a manufacturer, is liable to the claimant if the claimant's harm was proximately caused by:

      a.     The negligence of such product seller; or

      b.     Breach of an express warranty made by such product seller; or

      c.     The intentional misrepresentation of facts about the product by such product seller or the intentional concealment of information about the product by such product seller.

53.     The plaintiff's harm was or may have been proximately caused by the negligence of such product seller, as set forth hereinbefore.

54.     Therefore, under the laws of the state of Washington, defendant, Amazon.com, Inc., is   liable, under a negligence cause of action, for the damages caused to plaintiff.

WHEREFORE, plaintiff, Jacob T. Eberhart, demands that judgment be entered in his favor and against defendant, and that special damages and general damages in the amount of $2,000,000.00, plus costs and interest be awarded.

## COUNT III: NEGLIGENCE (VICARIOUS LIABILITY)

55.     Plaintiff, Jacob T. Eberhart, incorporates herein by reference the preceding paragraphs of his complaint, as if set forth at length.

56.     The conduct, acts, and omissions of manufacturer, Homearts Industrial Co., Ltd., at all material times, was negligent.

57.     The recklessness, carelessness and negligence of manufacturer, Homearts Industrial Co., Ltd., consisted of, *inter alia*, the following:

a.    negligently, carelessly and recklessly manufacturing the coffee maker;

b.    manufacturing a coffee maker that malfunctioned;

c.    manufacturing the coffee maker with defective materials;

d.    manufacturing the coffee maker according to unsafe or not reasonably safe

standards and specifications, or no safety standards and specifications;

e.    manufacturing the coffee maker by unsafe or not reasonably safe methods;

f.    failing to warn the purchaser or plaintiff as to cleaning methods, and/or

that the glass portion of the coffee maker was likely to instantly break,

and/or that cleaning the coffee maker was dangerous or had risks and

hazards, which the manufacturer knew or should have known;

g.    failing to test the coffee maker;

h.    failing to perform quality control;

i.    failing to act carefully and prudently at all material dates, times, and

places;

j.    as will be revealed in discovery;

k.    *res ipsa loquitor* is affirmatively pleaded.

58.    Had purchaser, Lynette Bosco, and/or plaintiff, Jacob Eberhart, been warned of

cleaning methods, and/or that the glass portion of the coffee maker was likely to instantly break,

and/or that cleaning the coffee maker was dangerous or had risks and hazards, the warnings

would have been heeded and the coffee maker would not have been purchased by her, or in the

alternative, the coffee maker would have been cleaned differently by plaintiff, Jacob T. Eberhart,

and not caused the injuries to plaintiff, Jacob T. Eberhart.

59.     As a direct result of the carelessness, recklessness and negligence of the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was caused to sustain personal injuries, including, but not limited to, a 2 cm laceration (complicated) with digital nerve injury, and shock to the central nervous systems.

60.     As a direct result of the carelessness, recklessness and negligence of the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was caused to have medical treatment and incur medical expenses.

61.     As a direct result of the carelessness, recklessness and negligence of the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was inconvenienced, disabled, and prevented from performing personal, school, household and other duties.

62.     As a direct result of the carelessness, recklessness and negligence of the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was caused to have loss of feeling, weakness of the thumb, inability to grip, pain, suffering, anxiety, and trauma, now and into the future.

63.     As a direct result of the carelessness, recklessness and negligence of the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was caused to be unable to do activities and things after the incident that he could do before, including personal tasks and recreational acts, and was otherwise deprived of the enjoyment of life

64.     As a direct result of the carelessness, recklessness and negligence of the manufacturer, Homearts Industrial Co., Ltd., the plaintiff, Jacob T. Eberhart, was caused to be

disabled and absent from school, and to be unable to perform the duties and functions of his occupation as a student.

65.     The injuries and damages of plaintiff, Jacob T. Eberhart, are or may be permanent.

66.     In pertinent part, the relevant laws of the state of Washington provide that a product seller, other than a manufacturer, shall have the liability of a manufacturer to the claimant if:

a.     No solvent manufacturer who would be liable to the claimant is subject to service of process under the laws of the claimant's domicile or the state of Washington; or

b.     The court determines that it is highly probable that the claimant would be unable to enforce a judgment against any manufacturer; or

c.     The product seller is a controlled subsidiary of a manufacturer, or the manufacturer is a controlled subsidiary of the product seller; or

d.     The product seller provided the plans or specifications for the manufacture or preparation of the product and such plans or specifications were a proximate cause of the defect in the product; or

e.     The product was marketed under a trade name or brand name of the product seller.

67.     The manufacturer who would be liable to the plaintiff is not subject to service of process under the laws of the claimant's domicile or the state of Washington because the manufacturer, Homearts Industrial Co., Ltd., is based in China, a communist, totalitarian regime

14

that has chronically violated international law and whose manufacturers have escaped responsibility for numerous mass torts in the United State of America; furthermore, the manufacturer has failed to respond to numerous requests for information from Amazon.com, Inc. and/or its agents, regarding this claim, and it is believed that said manufacturer is or may be solvent and would or may avoid service of process and/or be shield from process by the communist, totalitarian regime of China. Additionally, while China has signed the Hague convention, for all practical intents and purposes serving a business in China is impossible.

68.     The court will or may determine that it is highly probable that the plaintiff would be unable to enforce a judgment against the manufacturer because the manufacturer, Homearts Industrial Co., Ltd., has failed to respond to numerous requests for information from Amazon.com, Inc. and/or its agents, regarding this claim.

69.     Therefore, under the laws of the state of Washington, defendant, Amazon.com, Inc., is vicariously liable for selling a defective and unsafe or not reasonably safe product, for which the manufacturer is liable under a negligence cause of action, and that caused damages to plaintiff.

WHEREFORE, plaintiff, Jacob T. Eberhart, demands that judgment be entered in his favor and against defendant, and that special damages and general damages in the amount of $2,000,000.00, plus costs and interest be awarded.

## <u>COUNT IV: EXPRESS WARRANTY</u>

70.     Plaintiff, Jacob T. Eberhart, incorporates herein by reference the preceding paragraphs of his complaint, as if set forth at length.

15

71.     Defendant, Amazon.com, Inc., made material statements about the French press coffee maker as to thickness of the glass and heat resistance of the glass.

72.     Therefore, at all material times, defendant, Amazon.com, Inc., sold a coffee maker that had an express warranty and/or made statements amounting to a warranty to the buyer.

73.     The buyer, Lynette Bosco, relied on said statements and warranty when purchasing the French press coffee maker from defendant, Amazon.com, Inc., and her reliance on the statements and warranty were the basis of her contract to purchase the French press coffee maker from defendant, Amazon.com, Inc.

74.     However, the coffee maker sold to plaintiff's mother, Lynette Bosco, lacked thick heat resistant glass.

75.     Therefore, the seller of the French press coffee maker, defendant, Amazon.com, Inc., breached its warranty, and said breach of warranty caused the damages set forth hereinafter.

76.     As a direct result of the coffee maker lacking thick, heat resistant glass, the coffee maker malfunctioned and broke, causing the plaintiff, Jacob T. Eberhart, to sustain personal injuries, including, but not limited to, a 2 cm laceration (complicated) with digital nerve injury, and shock to the central nervous systems.

77.     As a direct result of the coffee maker lacking thick, heat resistant glass, the plaintiff, Jacob T. Eberhart, was caused to have medical treatment and incur medical expenses.

78.     As a direct result of the coffee maker lacking thick, heat resistant glass, the plaintiff, Jacob T. Eberhart, was inconvenienced, disabled, and prevented from performing personal, school, household and other duties.

16

79.     As a direct result of the coffee maker lacking thick, heat resistant glass, the plaintiff, Jacob T. Eberhart, was caused to have loss of feeling, weakness of the thumb, inability to grip, pain, suffering, anxiety, and trauma, now and into the future.

80.     As a direct result of the coffee maker lacking thick, heat resistant glass, the plaintiff, Jacob T. Eberhart, was caused to be unable to do activities and things after the incident that he could do before, including personal tasks and recreational acts, and was otherwise deprived of the enjoyment of life

81.     As a direct result of the coffee maker lacking thick, heat resistant glass, the plaintiff, Jacob T. Eberhart, was caused to be disabled and absent from school, and to be unable to perform the duties and functions of his occupation as a student.

82.     The injuries and damages of plaintiff, Jacob T. Eberhart, are or may be permanent.

83.     Therefore, under the laws of the state of New York, defendant, Amazon.com, Inc., is liable for breach of express warranty that caused damages to plaintiff, an innocent bystander and foreseeable user of the product.

84.     In pertinent part, the relevant laws of the state of Washington provide that a product seller, other than a manufacturer, is liable to the claimant if the claimant's harm was proximately caused by:

      a.     The negligence of such product seller; or

      b.     Breach of an express warranty made by such product seller; or

c.      The intentional misrepresentation of facts about the product by such

product seller or the intentional concealment of information about the

product by such product seller.

85.      The plaintiff's, Jacob T. Eberhart's, harm was or may have been proximately

caused by the defendant's breach of its express warranty that the coffee maker had thick, heat

resistant glass.

86.      Therefore, under the laws of the state of Washington, defendant, Amazon.com,

Inc., is liable, under a breach of express warranty cause of action, for the damages caused to

plaintiff, Jacob T. Eberhart.

WHEREFORE, plaintiff, Jacob T. Eberhart, demands that judgment be entered in his

favor and against defendant, and that special damages and general damages in the amount of

$2,000,000.00, plus costs and interest be awarded.

## COUNT V: MISREPRESENTATION

87.      Plaintiff, Jacob T. Eberhart, incorporates herein by reference the preceding

paragraphs of his complaint, as if set forth at length.

88.      At all material times, Amazon.com, Inc. intentionally misrepresented material

facts about the coffee maker and/or intentionally concealed or omitted material facts and/or

information about the coffee maker that it sold to plaintiff's mother, Lynette Bosco.

89.      Defendant's, Amazon.com, Inc.'s, intentional misrepresentation of material facts

and/or concealment or omission of material facts and/or information about the coffee maker

consisted of, *inter alia*, the following:

a.      failing to state that the coffee maker was defective;

b.      failing to state that the coffee maker was unsafe or not reasonably safe;

c.      failing to state that the coffee maker did not consist of thick heat resistant glass;

d.      failing to state that the coffee maker would or could cause personal injuries;

e.      representing that the coffee maker was not defective;

f.      representing that the coffee maker was safe;

g.      representing that the coffee maker consisted of thick heat resistant glass;

h.      representing that the coffee maker would not or could not cause personal injuries;

i.      as will be revealed in discovery.

90.     Defendant's, Amazon.com, Inc.'s, misrepresentations were false, and the implication or suggestion that the product was safe or had thick, heat resistant glass, by remaining silent or concealing the actual facts, was also false, and defendant, Amazon.com, Inc., knew that its misrepresentations and/or silence were false.

91.     Furthermore, defendant, Amazon.com, Inc., made such misrepresentations or concealment of material facts for the purpose of inducing plaintiff's mother, Lynette Bosco, to purchase the coffee maker.

92.     Plaintiff's mother, Lynette Bosco, relied on the intentional misrepresentations and/or concealment of information, of defendant, Amazon.com, Inc., when purchasing the coffee maker. Said reliance was reasonable given the fact that defendant is an extremely large retailer, if

not the largest, and a retailer that employs the highest and most advanced technologies in its operations.

93.     As a direct result of the intentional misrepresentations and/or concealment of information of defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was caused to sustain personal injuries, including, but not limited to, a 2 cm laceration (complicated) with digital nerve injury, and shock to the central nervous systems.

94.     As a direct result of the intentional misrepresentations and/or concealment of information of defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was caused to have medical treatment and incur medical expenses.

95.     As a direct result of the intentional misrepresentations and/or concealment of information of defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was inconvenienced, disabled, and prevented from performing personal, school, household and other duties.

96.     As a direct result of the intentional misrepresentations and/or concealment of information of defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was caused to have loss of feeling, weakness of the thumb, inability to grip, pain, suffering, anxiety, and trauma, now and into the future.

97.     As a direct result of the intentional misrepresentations and/or concealment of information of defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was caused to be unable to do activities and things after the incident that he could do before, including personal tasks and recreational acts, and was otherwise deprived of the enjoyment of life

98.     As a direct result of the intentional misrepresentations and/or concealment of information of defendant, Amazon.com, Inc., the plaintiff, Jacob T. Eberhart, was caused to be disabled and absent from school, and to be unable to perform the duties and functions of his occupation as a student.

99.     The injuries and damages of plaintiff, Jacob T. Eberhart, are or may be permanent.

100.    Therefore, under the laws of the state of New York, defendant, Amazon.com, Inc., is liable for intentional misrepresentations made in connection with selling a defective and unsafe or not reasonably safe product that caused damages to plaintiff, Jacob T. Eberhart, a foreseeable user of said product, under a fraudulent misrepresentation cause of action.

101.    In pertinent part, the relevant laws of the state of Washington provide that a product seller, other than a manufacturer, is liable to the claimant if the claimant's harm was proximately caused by:

      a.     The negligence of such product seller; or

      b.     Breach of an express warranty made by such product seller; or

      c.     The intentional misrepresentation of facts about the product by such product seller or the intentional concealment of information about the product by such product seller.

102.    The plaintiff's, Jacob T. Eberhart's, harm was proximately caused by the intentional misrepresentation and/or concealment of information of defendant and product seller, Amazon.com, Inc.

103.    Therefore, under the laws of the state of Washington, defendant, Amazon.com, Inc., is liable for intentional misrepresentations made in connection with selling a defective and unsafe or not reasonably safe product that caused damages to plaintiff, Jacob T. Eberhart, a foreseeable user of said product, under an intentional misrepresentation cause of action.

WHEREFORE, plaintiff, Jacob T. Eberhart, demands that judgment be entered in his favor and against defendant, and that special damages and general damages in the amount of $2,000,000.00, plus costs and interest be awarded.

Dated: New York, New York                             _____/s/_____
       November 2, 2016                               ROBERT G. LEINO, ESQ.
                                                      Attorney for Plaintiff,
                                                      Jacob T. Eberhart
                                                      611 W. 137th Street, # 1
                                                      (212) 706-0749
                                                      rgleino@leinolaw.com