**ROBERT G. LEINO**
Attorney-at-Law
15 W. 55th Street, 6D
New York, New York 10019
(917) 613-5926
rgleino@leinolaw.com

July 31, 2018

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, New York 10007

      Re: Jacob Eberhart v. Amazon.com, Inc.; No. 16-cv-08546-JPO-KNF
        **Plaintiff's Reply to Defendant's Letter of July 26, 2018**

Dear Judge Oetken:

  I represent plaintiff, Jacob Eberhart. Defendant filed a summary judgment motion last December. It is extremely well-settled law that summary judgment is only appropriate in the clearest of cases, that summary judgment is rarely appropriate for personal injury claims, and that summary judgment should not be entered in negligence cases which often turn on oral testimony that must be heard by the jury.

  This letter is plaintiff's response to the letter from opposing counsel (Document 70), attaching a trial court decision (Document 70-1), *Allstate New Jersey Insurance Company a/s/o Kathleen Cancel v. Amazon.com, Inc.* ("*Allstate*"). *Allstate* cannot be used as precedent for defendant's summary judgment motion.

  First of all, *Allstate* is a trial court decision. It is from a district that is not within the Second Circuit. The July 24, 2018 decision is not a final judgment and could be appealed to the Third Circuit and reversed. Based on the New Jersey District Court's failure to follow the cases it cited, the case should be appealed. Therefore, *Allstate* is a non-binding, non-final decision.

  Secondly, the case focused on a New Jersey statute and New Jersey caselaw. Defendant's attorney failed to persuasively relate the New Jersey law to this case. Furthermore, counsel is wrong in implying that the court deferred to the other products cases where defendant was sued; the court specifically stated that the decisions from other jurisdictions were not controlling.

  Furthermore, in *Allstate* there is no discussion of negligence. Therefore, *Allstate* is distinguishable and irrelevant. It is not precedent for a summary judgment motion against

Eberhart, who pleaded a negligence cause of action. Once again, defendant ignores this negligence claim when writing to the Court.

Tort claims are generally fact-specific. Judge Wolfson explicitly stated that Amazon.com was not a seller, "based on the particular facts of the case".

As for the standard of review, the court cited the well-known burdens for summary judgment. "The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322. If the movant satisfies its initial burden, the nonmoving party cannot rest upon mere allegations in the pleadings to withstand summary judgment; rather, the nonmoving party 'must counter with specific facts which demonstrate that there exists genuine issue for trial'". Regardless of whether defendant even met its initial burden, plaintiff clearly met his burden. In his counterstatement of facts, plaintiff distinctly raised a material fact issue regarding whether defendant was not the seller: "15.    Defendant's website never stated that defendant was not the seller of the coffeemaker. (Poad affidavit, Exhibit "A"; Exhibit "1", product description page) 16.    Defendant's website never stated that Vida Entertainment US was the retail seller of the coffeemaker to plaintiff. (Poad affidavit, Exhibit "A"; Exhibit "1", product description page)" (Document 57-2, Eberhart, Counterstatement of Facts).

On the core, ultimate issue, the court conceded that: 1) the fact-patterns for Fulfillment by Amazon cases are a definite "gray" category for determining if defendant is a seller; 2) it is a close question to make the decision that defendant was not a seller. Of significance, plaintiff Allstate couched its Amazon-is-the-seller theory in terms of the distribution chain, and that was the basis for the court's decision that Amazon was not a seller. By contrast, Eberhart does not base his liability theories on merely a distribution chain argument. Eberhart concludes that defendant is a seller based on various facts: "48.    Defendant sold the CoffeeGet coffeemaker to plaintiff; defendant was the seller of the coffeemaker and plaintiff was the buyer because defendant: advertised and marketed the product; accepted a money payment from plaintiff; shipped the product to plaintiff; acted like a seller;  portrayed itself as a seller; and created the appearance that it was a seller. Furthermore, defendant: takes title to property posted for sale by its FBA or Market Place clients in certain circumstances, such as client's failure to pay for storage or shipping, or when a product is returned by defendant's customers (who purchase from defendant's website); requires that the FBA or Market Place client name defendant as a loss payee on insurance policies; receives money and payments from defendant's customers who use defendant's website to make payments; keeps fees for itself before distributing a share of the money it receives to the FBA or Marketplace client who posted the product for sale. (Plaintiff's supplemental answer to defendant's interrogatory 10; Eberhart Deposition page 15, line 10 to page 16, line 22)." (Document 57-2, Eberhart, Counterstatement of Facts). In *Allstate*, defendant took on yet another role of a seller: the guarantor. Given all of these facts, the fact-intensive issue of determining if defendant was the seller is not as clear-cut as defendant argues, such that summary judgment should be entered. On the contrary, there are many, significant and material fact issues requiring a trial.

In Judge Wolfson's review of New Jersey products liability law, it appears that the state courts did not even follow the state's own statute defining "seller"; along the way, the courts

added a new requirement, that the "seller" have some sort of control over the product. Also, the caselaw suggests that knowledge of a defect will place the seller (intermediary or otherwise) in the scope of liability. *Claypotch v. Heller, Inc*., 360 N.J. Super 472, 823 A.2d at 852 (App. Div. 2003). As for control, it is hard to say that defendant was not an "active participant" in the sale of the battery in *Allstate* or the coffee maker sold to plaintiff, Eberhart. Without a doubt, Amazon had physical control of the product in both actions. Further, regarding "the ability to exercise dominance over the manner in which the product is sold", defendant Amazon clearly has the God-like power to list or not list a product, which is pure and absolute dominance of selling the product. (***As far as broad societal remedies and prevention,** t**he main point of a defective product case like this is that the product should be taken off the market – Amazon has the ultimate power to take a defective product off its website, and the failure to do so should impose liability under a conventional legal analysis***.) Judge Wolfson's over-reliance on the FBA agreement to rationalize Amazon's "limited" power was at the non-moving party's expense, in violation of the standards for deciding a summary judgment motion. Finally, the court's statement that defendant had no capability to diagnose risks of batteries is completely contradicted by the fact that 1) batteries are one of the most regulated items in Amazon's inventory (Document 57-8, Poad deposition, p. 93:22 and 102:19) and 2) two of defendant's primary selling features, customer reviews and safety algorithms, enable defendant to monitor safety issues. On the cases cited, it is difficult to conclude that defendant Amazon is not a seller; *Allstate* should be appealed.

Regarding other cases in other jurisdictions where there was a determination of defendant's role, the court admitted that those cases were not controlling. As far as *Milo & Gabby*, it is questionable how a copyright case is even relevant to a products liability statute and products liability case law that defines "seller", or products liability policy, where courts and legislatures try to apportion fault for citizens with serious personal injuries due to unsafe products.

Given the court's disposal of the action, based on the conclusion that defendant is not a seller that is within the scope of the products liability laws, the Communications Decency Act defense was not addressed by the court. However, the court acknowledged the split of authority on this issue, citing *McDonald v. LG Elecs. USA, Inc*., 219 F. Supp. 3d 533 (D. Md. 2016) and *Oberdorf v. Amazon.com, Inc*. 295 F. Supp. 3d 496 (M.D. Pa. 2017).

To summarize, *Allstate* is not binding authority and is not even useful as persuasive authority. Material fact issues exist. Defendant's motion should be denied.

                Respectfully,

                /s/

                ROBERT G. LEINO

cc All counsel of record via ECF